18-1458-cv
*Lifetree Trading Pte. Ltd. v. Washakie Renewable Energy, LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

LIFETREE TRADING PTE. LTD.,

          *Plaintiff-Appellee,*                     18-1458-cv

          v.

WASHAKIE RENEWABLE ENERGY, LLC,

          *Defendant-Appellant,*

ISAIAH KINGSTON, JACOB KINGSTON, RACHEL KINGSTON, WASHAKIE ENTITIES, 1-5 THE LAST FIVE NAMES BEING ENTITIES CURRENTLY UNKNOWN TO PLAINTIFF BUT BELIEVED TO HAVE ENTERED INTO

A CONTRACT WITH, AND/OR PERPETRATED A FRAUD
AGAINST, PLAINTIFF,

*Defendants.*

---

**FOR PLAINTIFF-APPELLEE:**           Joshua E. Abraham, New York, NY.

**FOR DEFENDANT-APPELLANT:**          Leodis C. Matthews and Kerry J.
                                      Kaltenbach, Zhong Lun New York LLP,
                                      New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** to the extent it seeks to challenge the District Court's May 14, 2018 order denying certain post-judgment motions, and that the District Court's September 29, 2017 order and December 4, 2017 judgment are **AFFIRMED**.

Defendant-Appellant Washakie Renewable Energy, LLC ("Washakie") appeals from a judgment entered in favor of Plaintiff-Appellee LifeTree Trading Pte. Ltd. ("LifeTree") pursuant to a jury verdict in LifeTree's favor on its breach of contract claim. Washakie also appeals from the District Court's pre-trial order declining to compel arbitration on damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Beginning with the question of our jurisdiction, Federal Rule of Appellate Procedure 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Washakie's notice of appeal clearly states that it seeks to appeal the District Court's "final judgment dated and entered on December 4, 2017 . . . along with all prior non-final orders and rulings in the District Court." J.A. 800. Notably absent is any mention of the District Court's order denying Washakie's *post*-judgment motion for judgment as a matter of law or for a new trial. *See LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, No. 14-CV-9075 (JPO), 2018 WL 2192186 (S.D.N.Y. May 14, 2018). Accordingly, though Washakie purports to challenge this order in its briefs, we lack jurisdiction to assess its arguments on the merits. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (holding that court has no jurisdiction to review order where it is not mentioned in notice of appeal that expressly lists other orders). The appeal is therefore dismissed to the extent it seeks to challenge this order.

Turning to the jury verdict, Washakie contends that LifeTree's damages should have been calculated as of May 19, 2014—the date Washakie claims it materially breached the parties' contract—rather than as of December 15, 2014—the date Washakie formally notified LifeTree that it would not perform its end of the bargain. In light of the limitations Washakie's notice of appeal imposes on our jurisdiction, the precise nature of this challenge—and, therefore, the appropriate standard of review—is something of a mystery. Even reviewing the issue *de novo*, however, Washakie's argument lacks merit.

The choice-of-law clause in the parties' agreement specifies that "any controversy or claim arising out of or relating to this agreement or alleged breach thereof, shall be determined in New York in accordance with New York law." J.A. 45. Because the agreement concerns the sale of a good, biofuel, it is governed by Article 2 of New York's Uniform Commercial Code. *See* N.Y. U.C.C. Law § 2-102. Under Article 2, parties may by agreement "provide for remedies in addition to or in substitution for" certain default remedies, "and may limit or alter the measure of damages recoverable." *Id.* § 2-719. Here, the parties did just that, incorporating by reference certain industry-standard terms that provide for damages in the event of a "default." *See* J.A. 49 (Federation of Oils, Seeds and Fats Associations Limited Form 51 ¶ 29). Though the agreement does not define "default," the evidence at trial was sufficient to establish that, in the industry, "breach" and "default" are distinct concepts, and that a "default" can occur, as here, after a technical "breach." The evidence also established that Washakie "defaulted" on December 15, 2014, when it communicated to LifeTree that it would not comply with the parties' contract.

Washakie also contends that the District Court should have "revisit[ed] the damages award" because of alleged errors in a chart displayed to the jury during the testimony of LifeTree's expert. Washakie Br. 39. Because this argument appears to be directed to the District Court's order denying Washakie's post-judgment motion, we do not have jurisdiction to consider it for the reason discussed above. And even if we did, we would decline to do so because Washakie failed to raise the argument before the District Court. *See Spinelli v. Nat'l Football League*, 903 F.3d 185, 198 (2d Cir. 2018) ("[A]n appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).[1] In fact, it was the District Court—not Washakie—that first pointed out this apparent inconsistency, adverting to it in a footnote in its order denying Washakie's post-judgment motion for judgment as a matter of law or for a new trial. *See LifeTree Trading Pte., Ltd.,* 2018 WL 2192186, at *7 n.4.

Finally, Washakie contends that the District Court erred in denying Washakie's pre-trial motion to compel arbitration on damages. We review such decisions *de novo. See Arciniaga v. Gen.*

---

[1] For this reason, we also decline to consider Washakie's somewhat perplexing argument concerning the differences between ordinary and "standby" letters of credit. *See* Washakie Br. 13–21.

*Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). As an initial matter, the parties' agreement provides little support for Washakie's position. Though the contract integrates by reference certain industry-standard provisions, some of which mention arbitration, *see* J.A. 46–49 (Federation of Oils, Seeds and Fats Associations Limited Form 51 ¶¶ 18, 26, 28–30, 32), it does so only to the extent those provisions are "not in contradiction with" the specific terms agreed to by the parties, *id.* at 45. As described above, the parties agreed to a specific choice-of-law clause requiring that disputes be settled "in New York in accordance with New York law." *Id.* at 45. On its face, this term appears to preclude application of industry-standard provisions requiring disputes to be arbitrated in London in accordance with English law. *Id.* at 49 (Federation of Oils, Seeds and Fats Associations Limited Form 51 ¶¶ 30, 32).

Even if the parties' agreement was construed in Washakie's favor, however, it is plain that Washakie waived its right to arbitration. To determine whether a party has waived its right to arbitration, we consider "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) (internal quotation marks omitted). In light of the circumstances present here, all three factors weigh against Washakie.

LifeTree commenced this action on November 14, 2014. In its Answer, filed on August 24, 2015, Washakie admitted that the "parties . . . agreed in the Contract to submit to the [District] Court's jurisdiction for purposes of resolving this dispute." J.A. 26 (Complaint ¶ 13), 70 (Answer ¶ 13). That baseline understanding governed this dispute for over two years, during which time Washakie "sought dismissal of LifeTree's claim for out-of-pocket damages"; sent "interrogatories and document requests" concerning "LifeTree's damages claims and calculation"; "took three depositions of LifeTree's fact and expert witnesses on the issue of damages"; "prepared an expert report containing a damages calculation"; and "filed and briefed a motion for summary judgment *exclusively* on the issue of damages." *LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, No. 14-CV-9075 (JPO), 2017 WL 4862792, at *3 (S.D.N.Y. Oct. 27, 2017) (emphasis in original). What is more, approximately two months before trial was scheduled to begin, Washakie affirmatively requested a jury trial on the issue of damages. *See* J.A. 89. Then, two weeks later, Washakie moved to compel arbitration. *See* J.A. 90–102.

In sum, Washakie actively litigated this action—including the issue of damages—over a period of approximately three years, before moving at the proverbial eleventh hour to compel arbitration based on a dubious interpretation of the parties' agreement. Like the District Court, we have little difficulty in concluding that Washakie waived its right to compel arbitration.

4

## CONCLUSION

We have reviewed all of the arguments raised by Washakie on appeal and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** to the extent it seeks to challenge the District Court's May 14, 2018 order denying certain post-judgment motions, and the District Court's September 29, 2017 order and December 4, 2017 judgment are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk